537 N.W.2d 380 (1995)
STATE of South Dakota, Plaintiff and Appellee,
v.
Raphael WASHINGTON, Defendant and Appellant.
No. 18638.
Supreme Court of South Dakota.
Considered on Briefs December 1, 1994.
Decided September 6, 1995.
Mark Barnett, Attorney General, Frank Geaghan, Assistant Attorney General Pierre, for plaintiff and appellee.
Michael Stonefield and Edward G. Albright of Office of Public Defender for Pennington County, Rapid City, for defendant and appellant.
KONENKAMP, Justice.
Raphael Washington ("Washington") appeals his conviction for aggravated assault, contending the trial court erred in rejecting his proposed jury instruction which would *381 have allowed the jury to consider if he was "guilty but mentally ill." We affirm.

FACTS
Washington attacked and stabbed Robert Tasso several times in the head and neck with a carpet knife. He then displayed his blood covered hands to onlookers and told them he had just gotten revenge against the man who had scarred his face on a prior occasion. Several months earlier, Washington had been attacked with a broken glass pitcher and the injuries resulted in scars to his face. Tasso resembled the person who had attacked Washington, but he was not the assailant.
Washington was arraigned May 18, 1993, and was specifically advised of the five different pleas he could enter as enumerated in SDCL 23A-7-2, including "guilty but mentally ill." He pleaded not guilty. Following a hearing on August 6, 1993, it was determined Washington was competent to stand trial and the case was subsequently tried to a jury. Washington proposed that the jury be instructed he could be found "guilty but mentally ill," contending he was laboring under a mental illness at the time of the assault which caused him to believe he was being attacked by the man who had previously scarred him. The trial court rejected this instruction. He was convicted of aggravated assault. This appeal followed.

ISSUE

WITHOUT HAVING ENTERED A MENTAL ILLNESS OR INSANITY PLEA, WAS WASHINGTON ENTITLED TO AN INSTRUCTION ALLOWING THE JURY TO FIND HIM GUILTY BUT MENTALLY ILL?
Washington contends that because there was testimony he was mentally ill at the time of the attack, he was entitled to instructions and a special verdict form allowing the jury to find him "guilty but mentally ill" of aggravated assault. The trial court rejected Washington's proposals based on the rationale that a verdict of "guilty but mentally ill" could be submitted to the jury only if he had previously asserted the defense of insanity.
A verdict of "guilty but mentally ill" may be returned only in a limited set of circumstances:
If the defendant raises the defense of "not guilty and not guilty by reason of insanity," he may be found "guilty but mentally ill" if the trier of fact finds all of the following beyond a reasonable doubt:
(1) The defendant is guilty of an offense; and
(2) The defendant was mentally ill when he committed the offense.
SDCL 23A-26-14. This statute relates to the verdict of "guilty but mentally ill" when a defendant has entered a plea of insanity. State contends Washington must have entered a plea of "not guilty and not guilty by reason of insanity" as a prerequisite to obtaining an instruction on a "guilty but mentally ill" verdict. See SDCL 23A-7-2(2). State relies upon SDCL 23A-10-2, which provides: "A defendant in a criminal case raising the defense of insanity shall, at his arraignment, specially plead `not guilty and not guilty by reason of insanity.'"
Washington argues a defendant who raises only the defense of mental illness and not insanity is not required to enter an insanity plea at the arraignment in order to subsequently raise the defense of mental illness and obtain a "guilty but mentally ill" instruction. SDCL 23A-25-13 addresses the giving of an instruction on a "guilty but mentally ill" verdict if the defense has raised such an issue:
If a defense of insanity or mental illness has been presented during a trial, the court shall provide the jury with a special verdict form of "guilty but mentally ill" for each offense. The court shall instruct the jury that a special verdict of "guilty but mentally ill" may be returned instead of a general verdict. The court shall also instruct the jury that the special verdict requires a finding beyond a reasonable doubt by the jury that the defendant committed the offense but that he was mentally ill at the time he committed the offense.
*382 Washington concedes expert testimony would not have supported a claim of insanity at the time of the assault, and acknowledges it was for this reason he did not enter a plea of "not guilty and not guilty by reason of insanity."[1] Essentially, he contends he was entitled to a jury instruction on the special verdict of "guilty but mentally ill" because he entered a plea of not guilty, the prosecutor was aware of his possible mental illness claim,[2] and he presented evidence at trial he was mentally ill. SDCL 23A-25-13 does not express any requirement that a defendant have previously entered a plea of "mental illness" to be entitled to a special verdict instruction. Further, it uses mandatory language, stating the court shall provide a "guilty but mentally ill" verdict form if a defense of mental illness has been presented at trial. Standing alone, this statute seems to support Washington's contention the court erred in not giving the jury the option to find him "guilty but mentally ill."
Nevertheless, given that "insanity" and "mental illness" are used in parity in SDCL 23A-25-13, and given that insanity can only be interposed as a defense if it is first pleaded, the statutes relating to asserting these defenses at trial should be interpreted in consonance. "A statute must be construed according to its intent, which must be determined from the statute as a whole, as well as enactments relating to the same subject." State v. Wolff, 438 N.W.2d 199, 200-201 (S.D.1989). "[I]n construing statutes together it is presumed that the legislature did not intend an absurd or unreasonable result." U.S. West Communications, Inc. v. Public Util. Comm'n., 505 N.W.2d 115, 123 (S.D.1993). Read together, these statutes ordain a rational pattern under which insanity and mental illness must be averred with adequate foundation and formal notice. The manifest principle being that the court and opposing counsel should not be surprised during trial with a defense founded upon technical psychological or psychiatric evidence.
We conclude a defendant who wishes to plead not guilty and assert "mental illness" must enter a plea of "not guilty but mentally ill" in order to be entitled to submit a "guilty but mentally ill" instruction to the jury, just as a formal insanity plea must be entered to entitle a defendant to that special verdict instruction.[3] Although insanity and mental illness are terms with distinct legal consequences, considering the insanity defense model our legislature used to enact the "guilty but mentally ill" concept, logically the statutes should be construed similarly.
Affirmed.
MILLER, C.J., and AMUNDSON, J., concur.
SABERS, J., and WUEST, Retired Justice, dissent.
*383 GILBERTSON, J., not having been a member of the Court at the time this case was considered, did not participate.
SABERS, Justice (dissenting).
The majority opinion states:
SDCL 23A-25-13 does not express any requirement that a defendant have previously entered a plea of "mental illness" to be entitled to a special verdict instruction. Further, it uses mandatory language, stating the court shall provide a guilty but mentally ill verdict form if a defense of mental illness has been presented at trial.
The opinion states "insanity" and "mental illness" are "used in parity in SDCL 23A-25-13" so the mental illness statutes should be "interpreted in consonance" with the insanity statutes, thereby requiring "mental illness" to be pleaded before it can be used as a defense.
"A statute must be construed according to its intent, which must be determined from the statute as a whole, as well as enactments relating to the same subject." State v. Wolff, 438 N.W.2d 199, 200-201 (S.D.1989). However, the majority opinion fails to cite SDCL 23A-27-38, which provides in part:
If a defendant is found "guilty but mentally ill" or enters that plea and the plea is accepted by the court, the court shall impose any sentence which could be imposed upon a defendant pleading or found guilty of the same charge[.]
(Emphasis added). The disjunctive "or" indicates that a defendant could be found "guilty but mentally ill" by a jury without first entering that plea. This directly conflicts with the majority opinion's conclusion that a defendant is required to enter a plea of mental illness in order to be entitled to submit a guilty but mentally ill instruction to the jury.
By enacting South Dakota's [guilty but mentally ill] statutes, our legislature intended to provide an alternative verdict available to a jury to reduce the number of offenders who were erroneously found not guilty by reason of insanity.
Robinson v. Solem, 432 N.W.2d 246, 248 (S.D.1988) (emphasis added). Neither the legislation nor the legislative history indicate that the defense must be pled first as a guilty plea.
The plea required for "insanity" should not be required for "mental illness." Insanity constitutes a "not guilty" plea while mental illness is a "guilty" plea. If a defendant entered a guilty but mentally ill plea first, there would not even be a trial. Statutes are to be interpreted so that they are "harmonious and workable" with one another. Whalen v. Whalen, 490 N.W.2d 276, 280 (S.D.1992) (modified on other grounds by Sjolund v. Carlson, 511 N.W.2d 818, 822 (S.D.1994)). Here, the interpretation which makes SDCL 23A-27-38 and SDCL 23A-25-13 "harmonious and workable" is one that does not require a guilty but mentally ill plea as a condition precedent to jury instructions. In fact, the majority opinion states "[w]e conclude a defendant who wishes to plead not guilty and assert `mental illness' must enter a plea of `not guilty but mentally ill[.]'" In doing so, the majority is creating an entirely new plea for criminal cases in South Dakota contrary to those prescribed by the Legislature in SDCL 23A-7-2.[*]
I agree with the majority that, for future cases, some form of "adequate foundation and formal notice" be made before trial and before the requested jury instructions are given. This defendant should be entitled to the same courtesy and notice by this courtespecially where, as here, he claims the state was provided "ample notice" of his mental illness defense through pre-trial discovery. To require a guilty but mentally ill plea first does not comport with state law in light of SDCL 23A-27-38.
WUEST, Retired Justice (dissenting).
In my opinion the majority decision is legislation which is a function of the legislature *384 rather than this court, therefore, I join the writing of Justice Sabers.
NOTES
[1] The terms mentally ill and insane are not synonymous. SDCL 22-1-2 defines the terms as follows:

(20) "Insanity," the condition of a person temporarily or partially deprived of reason, upon proof that at the time of committing the act charged against him, he was incapable of knowing its wrongfulness, but not including an abnormality manifested only by repeated unlawful or antisocial behavior;
* * * * * *
(24) "Mental illness," a substantial psychiatric disorder of thought, mood or behavior which affects a person at the time of the commission of the offense and which impairs a person's judgment, but not to the extent that he is incapable of knowing the wrongfulness of his act. Mental illness does not include abnormalities manifested only by repeated criminal or otherwise antisocial conduct;
[2] Washington asserts in his brief that State had ample notice of his mental illness defense as he provided discovery information regarding his position that he was under a delusion that he was being attacked by his former assailant at the time of the present assault.
[3] The dissent suggests that SDCL 23A-27-38 has been ignored and, if read together with the other "guilty but mentally ill" (GBMI) statutes, would compel a different result. However, SDCL 23A-27-38 is different from the other GBMI and insanity statutes discussed here in two respects. First, SDCL 23A-27-38 relates only to sentencing a defendant after a GBMI conviction; its introductory provisions only recite the manner in which a GBMI conviction may occur, either by plea or verdict. Second, the GBMI statutes which are relevant to determining the prerequisites to such an instruction all relate to pleading and jury instructions, events which occur prior to any sentencing on a GBMI conviction.
[*] SDCL 23A-7-2 provides in part:

A defendant may plead:
(1) Not guilty;
(2) Not guilty and not guilty by reason of insanity;
(3) Guilty;
(4) Nolo contendere; or
(5) Guilty but mentally ill[.]